# United States Court of Federal Claims

No. 18-1645 C
Filed: December 7, 2018

| | |
|---|---|
| CHRISTOPHER CATO,  )<br>  )<br>                Plaintiff,  )<br>  )<br>v.  )<br>  )<br>THE UNITED STATES,  )<br>  )<br>                Defendant.  )<br>  ) | *Pro Se*; *Sua Sponte* Dismissal; Lack of Subject-Matter Jurisdiction; Claims Against State and City Officials; Civil Rights Claims; Tort Claims; Civil Rights Claims; Constitutional Claims |

**OPINION AND ORDER**

*SMITH*, **Senior Judge**

On October 22, 2018, plaintiff, proceeding *pro se*, filed his Complaint with this Court seeking various forms of relief. Plaintiff's Complaint asserts, *inter alia*, that the State of Texas, the Houston Police Department, and employees within the Houston Police Department committed harmful acts against him and his family and deprived him of various constitutional rights. *See generally* Complaint (hereinafter "Compl."). Plaintiff seeks injunctive relief and money damages in the amount of $40 million. Additionally, plaintiff filed a Motion for Leave to Proceed *in forma pauperis* on October 17, 2018.

Upon *sua sponte* review, the Court finds plaintiff's allegations do not give rise to any cause of action over which this Court has subject-matter jurisdiction. The Court has no authority to decide plaintiff's case, and therefore must dismiss the Complaint pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

**I.   Background**

In his Complaint, plaintiff alleges that a City of Houston police officer falsely arrested and charged him for "Unwarranted Mental Comm." in June of 1995, and that the charges were later dismissed for insufficient evidence. Compl. at 1. Additionally, plaintiff states that he filed a complaint with the Houston Police Department against the arresting officer for false imprisonment, slander, defamation, perjury, and oppression. *Id.* Mr. Cato also asserts that the State of Texas and the City of Houston Police Department intentionally concealed that complaint to "keep me from succeeding against the state of Texas, the City of Houston, and the Houston Police department." *Id.* at 2. Mr. Cato claims that by concealing the complaint against the

officer, the State of Texas and the Houston Police Department harassed him, discriminated against him, and violated his Fourth and Fourteenth Amendment rights. *Id.*

As a result of the alleged conduct in plaintiff's Complaint with this Court, Cato is seeking $40 million in compensatory and punitive damages stemming from slander; defamation; expenses associated with his arrest and litigation expenses; false imprisonment; false arrest; pain and suffering; violation of his Fourth and Fourteenth Amendment rights; "putting mental stress on the parents and brother of the plaintiff"; "the hurting of the wrist of Mr. Cato"; "sleeping on the floor of the Harris County Jail"; and the "cost of the clothes and shoes the plaintiff had to put in the trash." Pl.'s Exhibit 1 at 6–7. Cato also demands injunctive relief including an investigation into the complaint he filed with the Houston Police Department as well as a letter of apology. *Id.* at 7.

## II. Standard of Review

This Court's jurisdictional grant is primarily defined by the Tucker Act, which provides this Court the power "to render any judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases *not sounding in tort*." 28 U.S.C. § 1491(a)(1) (2012) (emphasis added). Although the Tucker Act expressly waives the sovereign immunity of the United States against such claims, it "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, in order to fall within the scope of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists . . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If the Court lacks jurisdiction, it cannot proceed with the action and must dismiss the case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). RCFC 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." In determining whether subject-matter jurisdiction exists, the Court will treat factual allegations in the complaint as true and will construe them in the light most favorable to the plaintiff. *See Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). Furthermore, pleadings from *pro se* plaintiffs are held to more lenient standards than pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Erickson v. Pardus,* 551 U.S. 89, 94 (2007). This leniency, however, does not extend to saving a complaint that lies outside of this Court's jurisdiction. "Despite this permissive standard, a *pro se* plaintiff must still satisfy the court's jurisdictional requirements." *Trevino v. United* States, 113 Fed. Cl. 204, 208 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014) (citations omitted). *Pro se* or not, the plaintiff still has the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### III. Discussion

Plaintiff fails to establish by a preponderance of the evidence that this Court has jurisdiction over his claims. It is well established that the United States Court of Federal Claims lacks "jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself." *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014); *Smith v. United States*, 99 Fed. Cl. 581, 583–84 (2011). As such, the Court cannot hear plaintiff's claims raised against the State of Texas, the City of Houston, the City of Houston Police Department, and the arresting officer.

Additionally, this Court cannot adjudicate Cato's Fourth and Fourteenth Amendment claims. The Fourth and Fourteenth Amendments are not money-mandating and, therefore, are not subject to the jurisdiction of this Court. *See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (holding that the Fourth Amendment does not mandate payment and therefore such claims are not within the jurisdiction of this Court) (citations omitted); *Ogden v. United States*, 61 Fed. Cl. 44, 47 (2004) (stating that nothing in the Due Process Clause or Equal Protection Clause of the Fourteenth Amendment mandates monetary compensation); *Carruth v. United States*, 224 Ct. Cl. 422, 445 (1980) (finding no jurisdiction based on Fifth Amendment Due Process or Equal Protection).

The Court also lacks jurisdiction over plaintiff's civil rights claims. Plaintiff alleges the State and City police officers violated his civil rights. Compl. at 2. Only federal district courts have jurisdiction to hear claims alleging civil rights violations. *See Jones v. United States*, 104 Fed. Cl. 92, 99 (2012); *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005) (citing *Wildman v. United States*, 28 Fed. Cl. 494, 495 (1993) ("[T]he Court does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts.")).

Furthermore, the Court lacks jurisdiction to hear plaintiff's remaining claims because they sound in tort. The Tucker Act explicitly excludes tort claims from this Court's jurisdiction. "It is well settled that the United States Court of Federal Claims lacks—and its predecessor the United States Claims Court lacked—jurisdiction to entertain tort claims." *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993); *see also Sellers v. United States*, 110 Fed. Cl. 62, 66 (2013). Additionally, plaintiff's requests for injunctive relief including his request for an investigation and an apology letter are not properly before the Court because "[t]he Tucker Act does not provide independent jurisdiction over . . . claims for equitable relief." *Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013). Accordingly, the Court lacks subject-matter jurisdiction over all of plaintiff's claims for relief, and plaintiff's Complaint must be dismissed.

As noted above, Cato filed an application to proceed *in forma pauperis* on October 17, 2018. Pursuant to 28 U.S.C. § 1915, federal courts are permitted to waive filing fees under certain circumstances. *See* 28 U.S.C. § 1915(a)(1). The statute requires that an applicant be "unable to pay such fees." 28 U.S.C. § 1915(a)(1). To be "'unable to pay such fees' means that paying such fees would constitute a serious hardship on the plaintiff." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007); *see also Moore v. United States*, 93 Fed. Cl. 411, 414–15

(2010). For good cause shown, plaintiff's Motion for Leave to Proceed *in forma pauperis* is granted.

## IV. Conclusion

For the reasons set forth above, plaintiff's Complaint is, *sua sponte*, **DISMISSED** pursuant to RCFC 12(h)(3) for lack of jurisdiction. Additionally, plaintiff's Motion for Leave to Proceed *in forma pauperis* is **GRANTED**. The Clerk is hereby directed to enter judgment consistent with this opinion.

**IT IS SO ORDERED.**

Loren A. Smith, Senior Judge